RECEIVED
BY:_____
JUL 1 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AMANDA ARNOLD | CIVIL ACTION NO. 07-1039 |
| VERSUS | JUDGE DONALD E. WALTER |
| THE ANSWER GROUP, INC., U.S. SUPPORT COMPANY and TAG SUPPORT COMPANY | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before this Court is a Motion for Summary Judgment [Doc. #18] filed on behalf of defendants, The Answer Group, U.S. Support Company and TAG Support Company, and a Motion for Partial Summary Judgment [Doc. #19] filed on behalf of plaintiff, Amanda Arnold ("Arnold"), pursuant to Federal Rule of Civil Procedure 56. Both motions were opposed in part and conceded in part.

Defendants concede that they are a single integrated business entity and that Arnold engaged in a protected activity. Therefore, **IT IS ORDERED** that plaintiff's motion [Doc. #19] be and is hereby **GRANTED IN PART** only as to those two issues. Finding that genuine issues of material fact exist as to whether plaintiff's transfer is a "materially adverse employment action," **IT IS FURTHER ORDERED** that the remainder of plaintiff's motion [Doc. #19] be **DENIED**.

As Arnold concedes that her claims of negligent hiring and retention are barred by Louisiana's Workers' Compensation laws, **IT IS ORDERED** that defendants' motion [Doc. #18] be and is hereby **GRANTED IN PART** as to plaintiff's negligence claims which are hereby **DISMISSED**.

Further, this Court agrees with the reasoning in <u>Smith v. Parish of Washington</u>, 318

F.Supp.2d 366, 371-74 (E.D.La. 2004), that led the district court to the conclusion that liability under La. R.S. 51:2256 is "limited to retaliation against practices made unlawful under the Louisiana Human Rights Act," id., at 373, i.e., discriminatory practices in public accommodations and advertising public accommodations (La.R.S.51:2247), against breast feeding mothers (La.R.S.51:2247.1), by financial institutions in providing financial services (La.R.S.51:2254) and in credit transactions (La.R.S.51:2255), as did the only Louisiana appellate court to construe La. R.S. 51:2256 since the 1997 amendments. See Lowry v. Dresser, Inc., 893 So.2d 966, 967-68 (La. App. 3 Cir. 2005). In creating the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq., the Louisiana legislature chose to include specific anti-retaliation provisions only in those sections addressing age discrimination (La. R.S. 23:311-314) and sickle-cell trait discrimination (La. R.S. 23:351-354).

Arnold's retaliation claims stem from an investigation of sex discrimination by her employer and Arnold's filing a charge of retaliation against her employer with the Equal Employment Opportunity Commission. Neither claim falls within any of the aforementioned categories. Accordingly, **IT IS ORDERED** that defendants' motion [Doc. #18] be and is hereby **GRANTED IN PART** as to Arnold's claims under La. R.S. 51:2231, et seq., and that those claims be **DISMISSED**.

Finding that genuine issues of material fact remain as to plaintiff's Title VII retaliation claims, **IT IS FURTHER ORDERED** that defendants' motion [Doc. #18] be and is hereby **DENIED** in all other respects.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10 day of July, 2008.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE